Filed 12/19/24  P. v. Quintero CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B333564 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA092417) |
| v. | |
| MANUEL QUINTERO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Tomson T. Ong, Judge.  Affirmed in part, reversed in part and remanded with directions.

Corey J. Robins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In 2022, over seven years after his judgment of conviction became final, the Department of Corrections and Rehabilitation notified the superior court that defendant and appellant Manuel Quintero may be entitled to a recall of his sentence pursuant to Penal Code section 1172.75 (former § 1171.1) following passage of Senate Bill 483 (2021-2022 Reg. Sess.).  As relevant here, Senate Bill 483 invalidated one-year sentence enhancements pursuant to section 667.5, subdivision (b) (commonly referred to as prison priors), except for certain sexually violent offenses.  (Stats. 2021, ch. 728, § 3.)  Defendant's sentence included four prison priors, none of which was for a sex offense.

At the resentencing hearing in 2023, the trial court struck the prison priors, recalculated custody credits and denied defendant's requests to modify his sentence in ways unrelated to Senate Bill 483.  Defendant contends on appeal the court erred in failing to strike the four-year gang enhancement imposed on count 7 pursuant to Penal Code section 186.22.  Defendant contends that because his original sentence was recalled and he was resentenced, the amendments to section 186.22 effected by Assembly Bill 333 (2021-2022 Reg. Sess.) applied to him and required the gang enhancement to be vacated.

Pending further guidance from the Supreme Court, we agree with the majority of courts who have concluded the amendments to Penal Code section 186.22 apply retroactively at a resentencing hearing following recall of a sentence.  We therefore reverse and remand for further proceedings.

## BACKGROUND

In 2013, after a jury trial, defendant was found guilty of 15 felony counts:  four counts of possession for sale of methamphetamine (Health & Saf. Code, § 11378; counts 1, 2, 3 &

2

6), five counts of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); counts 4, 9, 10, 11 & 12), and one count each of sale/offer/transport of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 5), possession for sale of cocaine (§ 11351; count 7), possession for sale of concentrated cannabis (§ 11378; count 8), possession of an assault weapon (Pen. Code, § 30605, subd. (a); count 13), possession of ammunition (§ 30305, subd. (a)(1); count 14), and possession of brass knuckles (§ 22010; count 15). As to counts 3, 6, 7, and 8, the jury found true that defendant was personally armed with a firearm (§ 12022, subd. (c)). The jury also found true as to all counts that the offenses were committed to benefit defendant's gang (Pen. Code, § 186.22, subd. (b)(1)(A)).

In a bifurcated proceeding, the trial court found true the prison prior allegations, as well as the allegation defendant had suffered two prior convictions for serious or violent felonies within the meaning of the "Three Strikes" law. (Pen. Code, § 667, subds. (b)-(i), § 667.5, subds. (b) & (c), § 1170.12, subds. (a)-(d).)

The trial court sentenced defendant to 39 years in prison. Defendant's sentence included four 1-year prison priors and one 4-year gang enhancement on count 7. Defendant was awarded 489 days of presentence custody credits (408 actual/81 conduct).

In 2015, this court affirmed defendant's conviction in its entirety. (*People v. Quintero* (Mar. 16, 2015, B250025) [nonpub. opn.].)

Following the enactment of Penal Code section 1172.75 in 2021 (Stats. 2021, ch. 728, § 3), the Department of Corrections and Rehabilitation referred defendant's case to the trial court for review. The case was assigned to Judge Tomson T. Ong who had presided over defendant's 2013 trial. The court set a hearing

3

date and defendant filed a resentencing brief. Defendant requested a full resentencing and several modifications to his sentence based on recent amendments to the sentencing laws, including the striking of the prison priors and the gang enhancement.

On August 29, 2023, the trial court held a hearing at which defendant was present and represented by counsel. The court struck the prison priors from defendant's sentence due to the statutory amendments invalidating those enhancements. The court denied defendant's other requests to modify his sentence, imposed an aggregate prison sentence of 35 years, recalculated custody credits (4,896 total days) and prepared a new abstract of judgment.

This appeal followed. Defendant's request for judicial notice is denied.

## DISCUSSION

The issues in this appeal are (1) whether defendant is entitled to the retroactive application of Assembly Bill 333, notwithstanding the fact his judgment of conviction became final in 2015, and (2) the scope of the trial court's authority at the resentencing hearing pursuant to Penal Code section 1172.75.

Assembly Bill 333, effective January 1, 2022, made substantive and procedural changes to Penal Code section 186.22. (*People v. Tran* (2022) 13 Cal.5th 1169, 1206 (*Tran*).) The Supreme Court has concluded that the rule of *In re Estrada* (1965) 63 Cal.2d 740 applies to statutory amendments, like the ones made by Assembly Bill 333, " 'which redefine, to the benefit of defendants, conduct subject to criminal sanctions.' " (*Tran,* at p. 1207.)

4

There is no dispute that if defendant's case was nonfinal when Assembly Bill 333 went into effect, defendant would be entitled to the benefit of the amendments to the statutory scheme, both substantive and procedural.  (*Tran*, *supra*, 13 Cal.5th at pp. 1206-1207; see also *People v. Mitchell* (2023) 97 Cal.App.5th 1127, 1130, 1137-1140, review granted Feb. 21, 2024, S283474; *People v. Sek* (2022) 74 Cal.App.5th 657, 663-667 [finding "the presumption of retroactivity applies to laws that change the substantive requirements for an enhancement in the defendant's favor," therefore the defendant was entitled to the ameliorative benefits of Assem. Bill 333].)

Defendant argues the trial court's recall of his sentence operated as a vacatur—his judgment of conviction was no longer final and he was entitled to a full resentencing and the benefit of all ameliorative changes in the law, including the changes effected by Assembly Bill 333.  While the law on this issue is evolving, the weight of authority appears to support defendant's argument.

When "part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893-894 [approving of full resentencing rule when sentence is subject to recall and resentencing].)  Application of the full resentencing rule is not limited to cases remanded by a reviewing court.  Courts have also applied the rule where, as here, a sentence is recalled for resentencing pursuant to Penal Code section 1172.75.  (See, e.g., *People v. Montgomery* (2024) 100 Cal.App.5th 768, 773-777, review granted May 29, 2024, S284662 [§ 1172.75 requires full

resentencing for recall of sentence following a plea agreement and any reduction in sentence does not provide a basis for the prosecutor to withdraw from the plea]; *People v. Carter* (2023) 97 Cal.App.5th 960, 972-976 [same where the defendant agreed to stipulated sentence]; *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 ["By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements."].)

In *People v. Padilla* (2022) 13 Cal.5th 152, 163, the Supreme Court said that "once a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence." (See also *People v. McKenzie* (2020) 9 Cal.5th 40, 46 ["In criminal actions, the terms 'judgment' and ' "sentence" ' are generally considered 'synonymous' . . . , and there is no 'judgment of conviction' without a sentence."].)

*People v. Salgado* (2022) 82 Cal.App.5th 376 (*Salgado*) involved a similar procedural posture to this case. There, Salgado's conviction had become final following a direct appeal. (*Id.* at p. 379.) In 2018, more than a decade after Salgado's judgment had become final, the Department of Corrections and Rehabilitation referred his case to the superior court for review and resentencing under Penal Code section 1170, subdivision (d)(1). While Salgado's appeal from the resentencing hearing was pending, Assembly Bill 333 went into effect. (*Salgado,* at p. 378.) *Salgado* concluded resentencing under section 1170 operated as a vacatur, quoting the language from *Padilla* above, and Salgado was therefore entitled to the ameliorative changes effected by Assembly Bill 333. (*Salgado,* at p. 380.) Salgado's substantive gang offense and gang

6

enhancements were reversed, and the case was remanded for further proceedings, including the right of the People to retry Salgado on the gang allegations. (*Salgado,* at pp. 380-382.)

The reasoning of *Salgado* was followed in *People v. Trent* (2023) 96 Cal.App.5th 33, review granted December 20, 2023, S282644. *Trent* concluded the defendant there, who had filed a successful petition pursuant to Penal Code section 1172.6 and obtained vacatur of his murder conviction, was "entitled to retroactive application of Assembly Bill 333," irrespective of the previous finality of his judgment. (*Trent,* at p. 44.)

We note two cases have declined to follow *Salgado*, but they are both distinguishable. Neither case involved the recall of a sentence and resentencing pursuant to Penal Code section 1172.75.

In *People v. Lopez* (2023) 93 Cal.App.5th 1110, review granted November 15, 2023, S281488, Assembly Bill 333 went into effect while the defendant was awaiting resentencing following remand of his direct appeal. (*Lopez,* at p. 1113.) *Lopez* concluded the ameliorative benefits of Assembly Bill 333 did apply because the defendant's appeal was not yet final. But *Lopez* nevertheless held that because it had reversed on direct appeal "solely with respect" to the defendant's sentence and had remanded only for that purpose, the trial court was bound by the scope of the remittitur and "did not have jurisdiction to reconsider the gang enhancement. Assembly Bill 333 was simply irrelevant to anything the trial court had jurisdiction to do" at resentencing. (*Lopez,* at p. 1114.)

*People v. Esquivias* (2024) 103 Cal.App.5th 969, review granted October 2, 2024, S286371, involved review of a petition for habeas corpus. *Esquivias* held "that a trial court is *not*

obligated to revisit a defendant's *entire* sentence on habeas corpus review merely because it grants review to revisit a portion of that sentence." (*Id.* at p. 976.) The court explained that under the law regarding habeas corpus review, "[a] trial court has discretion in deciding how to exercise its habeas corpus jurisdiction and may limit a grant of habeas corpus review to a 'specific claim or claims' presented in a petition." (*Id.* at pp. 976-977.) The court found that the defendant's sentence had not been vacated or recalled but "remained intact and final except to the extent the trial court granted habeas corpus review of the firearm enhancements." (*Id.* at p. 980.)

Pending further guidance from our Supreme Court, we follow the weight of authority which has concluded that a full resentencing is warranted when an otherwise final sentence is recalled pursuant to Penal Code section 1172.75, and defendant is therefore entitled to the ameliorative benefits of Assembly Bill 333.

Defendant argued in his brief that assuming we conclude Assembly Bill 333 applies retroactively to him, then we must reverse the four-year gang enhancement. The People failed to address this argument in their brief to this court, but they did concede that Assembly Bill 333 "significantly modified [Penal Code] section 186.22."

We agree. As defendant points out, the jury's finding on the gang enhancement here was made prior to the substantive changes to Penal Code section 186.22 and without the benefit of jury instructions that embodied those changes. We cannot find on the record here that those omissions were harmless. (*Tran*, *supra*, 13 Cal.5th at pp. 1207, 1209 [finding omissions in jury instructions that did not reflect changes to gang statute

implicated Sixth Amendment right to a jury trial and application of harmless error standard of *Chapman v. California* (1967) 386 U.S. 18, 24].)  The four-year gang enhancement on count 7 is therefore reversed.

On remand, the People shall be given the opportunity to retry defendant on the gang enhancement, after which the court will proceed to a full resentencing hearing.  If the People elect not to retry the enhancement, the court shall conduct a full resentencing hearing.  We express no opinion on whether defendant is entitled to any modifications in his sentence at resentencing.

## DISPOSITION

The four-year gang enhancement imposed on count 7 pursuant to Penal Code section 186.22 is reversed.  On remand, the People shall have the opportunity to retry defendant and appellant Manuel Quintero on the gang allegation, after which the superior court shall conduct a full resentencing hearing.  If the People elect not to retry the gang allegation, the court shall conduct a full resentencing hearing.  After imposing sentence, the court shall prepare and transmit a new abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment of conviction is affirmed in all other respects.


GRIMES, J.


WE CONCUR:



STRATTON, P. J.      VIRAMONTES, J.


9